NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FREDY ARMANDO VALDEZ-VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-73854

Agency No. A072-544-053

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Fredy Valdez-Vasquez (Valdez), a native and citizen of Guatemala, seeks

review of a decision by the Board of Immigration Appeals (BIA) affirming an

immigration judge's (IJ) denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). In his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application, Valdez claimed he was targeted for recruitment and threatened by the guerilla forces in Guatemala because of his service in the Guatemalan military. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (applying substantial evidence review).

1. As an initial matter, Valdez did not address the agency's credibility determination or the agency's determination that he failed to demonstrate entitlement to CAT protection. This court reviews "only issues that are argued specifically and distinctly in a party's opening brief." *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) (cleaned up); *see also* Fed. R. App. P. 28(a)(6). Valdez's cursory and conclusory references to the credibility findings, and his inaccurate statement that the IJ did not analyze the merits of his CAT claim, are not enough to raise the issues "specifically and distinctly" for the court's review. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim."). He has thus forfeited any challenges to those findings. In any event, the agency's conclusions were supported by substantial evidence.

2. The agency's adverse credibility determination was supported by substantial evidence.[1] The BIA relied on three inconsistencies between Valdez's

---

[1] Because Valdez filed his claim for asylum before May 11, 2005, the Court must apply the pre-REAL ID Act standards for adverse credibility findings. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). Under our pre-REAL ID Act

testimony and his written materials: (i) contradicting his application and supplemental declaration, Valdez testified to the IJ that he did not require an ambulance or any other medical care after he was attacked by the guerillas; (ii) contradicting again his supplemental declaration, Valdez testified that ex-guerilla members did not threaten his family; and (iii) contradicting his application and supplemental declaration, Valdez testified that he did not capture any guerillas while in the military.

All three inconsistencies, which Valdez could not explain, go to the heart of his claim because they either relate to the severity of his past injuries, *see Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) ("[M]aterial inconsistencies in petitioner's testimony concerning the extent of his injuries . . . go to the heart of petitioner's claim."), or to the basis for his fear of future harm, *see de Leon-Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir. 1997) (upholding an adverse credibility determination based on inconsistencies that "relate to the basis for [the petitioner's] alleged fear of persecution"). Substantial evidence in the record thus supports the BIA's bases for affirming the IJ's adverse credibility determination.

Because no other evidence in the record besides Valdez's discredited

---

standard, "[m]inor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, [do not] go to the heart of the asylum claim, or [do not] reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003).

3

testimony independently established his eligibility, the BIA did not err in concluding that Valdez failed to carry his burden of proof for the asylum claim. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). And because Valdez failed to demonstrate eligibility for asylum, he necessarily failed to meet the more exacting requirements for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence supports the denial of the CAT claim. While an adverse credibility determination is not necessarily a death knell to CAT protection, *see Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001), when the petitioner's "testimony [is] found not credible . . . we would have to find that the [country condition] reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured," *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). Valdez does not point to anything in the country condition reports that would compel that conclusion. *See id.* at 923 (stating that reports that confirm torture takes place in a country do not compel the conclusion that the petitioner would be tortured).

Furthermore, the IJ reasonably concluded that Valdez's fear of torture was speculative because the most he could say to justify it was that "perhaps" the guerillas would still be interested in him because someone "could" remember him, while also conceding that no one may remember him or have any interest in him at

4

all. The BIA thus did not err in dismissing the application under CAT. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (denying petition for review of a CAT claim based on speculative fear of torture).

**PETITION DENIED.**